ARW/aw

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20478-CR-MARRA/SELTZER(ss)

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TIMOTHY RAFFERTY,

    Defendant.
_____/

**UNITED STATES' MEMORANDUM OF LAW
REGARDING THIRD-PARTY CLAIM OF MARIE RAFFERTY
FILED IN ANCILLARY PROCEEDING**

Plaintiff, United States of America, files this memorandum to address what interest, if any, Petitioner Marie Rafferty may have in the forfeited property.

**INTRODUCTION**

The Court entered an Amended Preliminary Order of Forfeiture forfeiting to the United States real property, for which a number of the mortgage payments were paid with fraud proceeds, and a vehicle which was purchased with fraud proceeds. Marie Rafferty filed a petition asserting an interest in the real property and the vehicle. The issue to be decided by the Court is what amendment should be made to the Preliminary Order of Forfeiture to take into account Marie Rafferty's interest, if any, in these forfeited assets.

**RELEVANT FACTUAL BACKGROUND**

On September 29, 2005, the United States filed a Second Superceding Indictment (DE 136), which charged defendant Timothy Rafferty ("defendant Rafferty") with conspiracy to commit securities fraud, conspiracy to commit mail and wire fraud, two additional counts of wire fraud, and also contained a Forfeiture Allegation. The period of the conspiracy was from around March 2003 to around February 2004.

In the Forfeiture Allegation, the United States sought forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), of any property constituting or derived from proceeds traceable to the charged securities and mail fraud violations, including the real property at 7 Willow Street, Douglaston, Queens County, New York ("Willow Street Property" or "Property")[1] and One 2001 BMW ("BMW").

The Willow Street Property is located in Queens County, New York. *See* Exhibit A. On August 17, 2005, the United States recorded a Notice of *Lis Pendens* against the Willow Street Property in the Queens County Clerk's Office. *See* Exhibit B.

The Willow Street Property, which was purchased on April 30, 1996, is titled in the name of Marie Rafferty ("Marie"), the wife of defendant Rafferty. Marie and Tim Rafferty were married in November of 1989. *See* DE 297, ¶ 3. Marie is also known as "Marie L. Randazzo". At the time of its purchase, a $200,000 mortgage was taken out on the Willow Street Property.[2] The mortgage

---

[1] The Willow Street Property was also included in a Bill of Particulars (DE 94) filed by the United States on July 28, 2005.

[2] During her deposition on March 27, 2007, Marie stated that a second mortgage was taken out on the Willow Street Property sometime in 2006. Since the United States' *lis pendens* was of record at the time the second mortgage was granted, this mortgage is subordinate to the interest of the United States.

is currently held by GreenPoint Mortgage Corp. ("GreenPoint"). The BMW, which was purchased in July of 2003, is registered in the name of Marie L. Randazzo. The loan taken out on the BMW has been paid off.

On April 10, 2006, a jury returned a verdict (DE 205) finding defendant Rafferty guilty of all four counts of the Second Superceding Indictment. On April 10, 2006, a bench hearing was held before the Court on the forfeiture. *See* DE 208. The evidence at trial showed that, from about March 2003 to about February 2004, approximately $35,000 of fraud proceeds from defendant Rafferty's securities, mail and wire fraud violations were used to pay the mortgage on the Willow Street Property. The evidence presented by the government also showed that approximately $20,000 of fraud proceeds was used as a down payment on the BMW. Based on this evidence, on September 20, 2006, the Court entered an Amended Preliminary Order of Forfeiture (DE 271) forfeiting to the United States the Willow Street Property and the BMW.

On November 9, 2006, Marie filed a petition (DE 297), in which she asserts that she is the sole owner of the Willow Street Property and the BMW. On November 30, 2006, John Hood ("petitioner Hood") filed a petition (DE 310) in which he asserts a superior and priority right, title and interest in the Willow Street Property.[3] On December 7, 2006 and December 21, 2006, GreenPoint Mortgage Funding, Inc. ("GPM") filed a claim (DE 321, 328) asserting an interest in the Willow Street Property, pursuant to a promissory note and mortgage on the property.[4] GPM asserted that $56,170.61 was due under the mortgage as of December 29, 2006.

---

[3] On March 23, 2007, the United States filed a Motion to Dismiss the claim of Petitioner Hood. *See* DE 340.

[4] The United States does not contest the validity of the interest alleged by GPM in the Willow Street Property.

## **ARGUMENT AND MEMORANDUM OF LAW**

Title 18, United States Code, Section 981(a)(1)(C), which is made applicable hereto by 28 U.S.C. § 2461(c), provides for the forfeiture of any property which constitutes or is derived from proceeds traceable to an offense which constitutes a "specified unlawful activity." "Specified unlawful activity" is defined to include a violation, or a conspiracy to commit a violation, of 18 U.S.C. § 1341, 18 U.S.C. § 1343, or the securities fraud laws. 18 U.S.C. §§ 1957(c) and 1961(1).

Upon conviction and a finding by the Court that property is subject to criminal forfeiture, Fed. R. Crim. P. 32.2(b) provides for the entry of a Preliminary Order of Forfeiture. A third party wishing to assert an interest in the property to be forfeited must file a petition in accordance with the prescribed statute. Fed. R. Crim. P. 32.2(c). Criminal forfeitures based upon 18 U.S.C. § 981(a) are governed by the procedures set forth at 21 U.S.C. § 853(n). *See* 28 U.S.C. § 2461(c). Thus, a third party asserting a claim of interest in property being criminally forfeited pursuant to 18 U.S.C. § 981(a) must do so by filing a petition pursuant to 21 U.S.C. § 853(n).

Section 853(n)(6) protects only those petitioners whose legal interests in the property were superior to the defendant's at the time the interest of the United States vested through the commission of an act giving rise to forfeiture[5] and petitioners who are bona fide purchasers for value without knowledge of the forfeitability of the defendant's assets. *United States v. Watkins*, 320 F.3d 1279, 1282 (11th Cir. 2003); *United States v. Kennedy*, 201 F.3d 1324, 1328-29 (11th Cir. 2000).

Under section 853(n)(6), in order to successfully assert an interest in property that is subject to criminal forfeiture, a third party claimant must make one of two showings. *U.S. v. Kennedy*, 201

---

[5]Pursuant to 21 U.S.C. § 853(c), the interest of the United States vests at the time of the commission of the criminal acts.

F.3d at 1328. Specifically, a third-party petitioner must show, by a preponderance of the evidence, that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant of was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

21 U.S.C. § 853(n)(6)(A) and (B); *U.S. v. Kennedy*, 201 F.3d at 1328-29.

State law defines what interest a petitioner has in property, and federal law decides what interest are subject to forfeiture under the applicable forfeiture statute. *See U.S. v. Kennedy*, 201 F.3d at 1334. *See e.g.*, *United States v. Carmichael*, 433 F. Supp. 2d 1259 (M.D. Ala. 2006) (validity of materialmen's lien asserted by petitioner determined under Alabama law).

The petitioner bears the burden of proving, by a preponderance of the evidence, that he/she satisfies one of the two prongs of 21 U.S.C. § 853(6). 21 U.S.C. § 853(n)(6). *See also U.S. v. Watkins*, 320 F.3d at 1282; *U.S. v. Kennedy*, 201 F.3d at 1333-34; *U.S. v. Carmichael*, 433 F. Supp. at 1261 (third-party petitioner in § 853(n) proceeding bears the burden of proof to establish by a preponderance of the evidence that such petitioner has a legal interest in the property that renders the order of forfeiture invalid in whole or in part); *United States v. Johnson*, 2006 WL 1285404, *3 (E.D. Ky. 2006) (to establish an interest in property superior to that of the government, the petitioner must show that her interest in the property was superior to any right, title, or interest of the defendant at the time of the commission of the acts giving rise to the forfeiture).

Thus, in order to prevail on her claim, Petitioner Rafferty must establish, by a preponderance of the evidence, 1) that she had a legal right, title or interest in the Willow Street Property and the BMW that was vested in her rather than defendant Rafferty, or was superior to any right, title or interest of defendant Rafferty, at the time of the commission of the acts giving rise to forfeiture,[6] or 2) that she is a bona fide purchaser for value of her right, title, or interest in the Willow Street Property and the BMW and at the time she acquired her interest she was reasonably without cause to believe that these assets were subject to forfeiture.  21 U.S.C. § 853(n)(6); *U.S. v. Kennedy*, 201 F. 3d at 1329, 1334.

In assessing a petitioner's claim of interest, the court must decide whether the petitioner has established one of these two prongs. *See U.S. v. Kennedy*, 201 F. 3d at 1329, 1334; *U.S. v. Totaro*, 345 F.3d 989, 997 (8th Cir. 2003) (court must engage in factual analysis to determine the precise boundaries of the legal right, title or interest asserted by the third party and protect it from forfeiture).  Furthermore, when evaluating a third party's claim of interest, the court must look beyond bare legal title or whether a petitioner has a property interest under state law.  *See United States v. Morgan*, 224 F.3d 339, 343 (4th Cir. 2000).

Following the ancillary proceeding and its determination regarding the petitioner's interest in the forfeited property, the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights in the forfeited property.  Fed. R. Crim. P. 32.2(c)(2) . *See also* 21 U.S.C. 853(n)(6) (the court shall amend the order of forfeiture in

---

[6]Here, the acts giving rise to forfeiture began in about March 2003.

accordance with the determination made at the ancillary hearing).[7]

The Willow Street Property was purchased by Tim and Marie Rafferty, in 1996, at which time the couple was married, but was titled solely in Marie's name. Under New York's Domestic Relations Law, all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held is marital property. N.Y. Dom. Rel. L. § 236(B)(1)(C) (2003). *See also Musso v. Ostashko*, 486 F.3d 99, 105 (2nd Cir. 2006). However, neither spouse obtains an equitable interest in property held by the other spouse merely because the property falls within the definition of marital property. *Musso v. Ostashko*, 486 F.3d at 105; *United States v. Totaro*, 345 F.3d 989, 997 (8th Cir. 2003). A spouse without legal title has no interest in marital property prior to obtaining a judgment creating such an interest. *Musso v. Ostashko*, 486 F.3d at 105.

It is uncontested that Marie's income was insufficient to purchase and maintain the Property, and that proceeds from defendant Rafferty's fraud offenses were used to pay a number of mortgage payments. Therefore, for purposes of federal forfeiture law, the fact that the Willow Street Property is titled solely in Marie's is not relevant.

Courts addressing this issue have noted that it would frustrate the purpose and intent of the forfeiture statute if a criminal were able to protect and enjoy fraud proceeds simply by investing them in property titled in a spouse's name. *See U.S. v. Totaro*, 345 F.3d at 996 (bare legal title insufficient to prevent forfeiture of property infused with RICO proceeds); *United States v.*

---

[7]The determination regarding the petitioners' interests may be made by the district court based on findings of fact made by a magistrate judge. *See U.S. v. Kennedy*, 201 F.3d at 1327 (magistrate judge held hearing and made appropriate findings of fact which were adopted by the district court); *United States v. McCorkle*, 321 F.3d 1292, 1295-96 (11th Cir. 2003) (district court entered order based on magistrate judge's recommendation that petition be denied).

*Martinez*, 228 F.3d 587, 590 (5th Cir. 2000) (defendant's interest in proceeds of RICO activities extends to property traceable to proceeds of the racketeering activity).[8] A criminal defendant should not be allowed to place property in another's name solely to shield the property from his creditors or from forfeiture in connection with his criminal activities. *See U.S. v. Totaro*, 345 F.3d at 996 (courts should look to state law to evaluate a claim of a legal right, title, or interest in the subject property, so long as doing so does not frustrate a federal interest); *United States v. O'Dell*, 247 F.3d 655, 680 (6th Cir. 2001) (same).

In *Totaro*, *supra*, the subject property was purchased by the husband during the marriage, but was subsequently put into the name of both the husband and wife. Later on, the wife became the sole title holder of the property. Some years later, proceeds from the husband's RICO crimes were put into the wife's checking account, and were used to pay the mortgage, real property taxes, and for upkeep on the property. The wife's income was insufficient to purchase the property. The court found that in a case such as this where the wife's claim was based on her legal title, as well as her marital and possessory interest, the wife could assert a claim under 1963(l). However, the court found that the wife's title alone should not be allowed to resolve the question, since much of the property was paid for with the husband's RICO's proceeds. *See U.S. v. Totaro*, 345 F.3d at 995-96, 998, *U.S. v. Morgan*, 224 F.3d at 343.

In *Totaro*, the court stated that state property law cannot trump the government's right to forfeit all the criminal defendant's interest. In the absence of rules specifically designed for the forfeiture context, the court concluded that New York divorce law was the best rules to apply to sort

---

[8]Cases applying section 853(n) and section 1963(l) have used case law interpreting the two statutes interchangeably. *See United States v. Gilbert*, 244 F.3d 888, 906 n.47 (11th Cir. 2001).

out the property rights of the couple. The court noted that this approach would adhere to both the letter and the spirit of the forfeiture statues without penalizing the couple for remaining married, and would accomplish the primary purpose of the statute which is to forfeit a defendant's interest in the property. *U.S. v. Totaro*, 345 F.3d at 998-99.

Applying these principles, the Court should determine Marie's interest in the Willow Street Property prior to the time the Property became subject to forfeiture. Under the relation back doctrine, title to the forfeited property vests in the United States at the time of the commission of the acts giving rise to forfeiture.[9] 21 U.S.C. § 853(c); *United States v. Nava,* 404 F.3d 1119, 1124 (9th Cir. 2005) (because the government's interest in the property vested at the time of the offense giving rise to the forfeiture, under the relation back doctrine, claimant can recover under section 853(n)(6)(A) only if her interest vested before that time). The United States' interest in the Willow Street Property vested as early as March 2003. Furthermore, but for the fraud proceeds which were infused into the Property, Marie would not have been able to maintain her interest in the property. Thus, Marie's interest in the Willow Street Property should be determined as of February 2003, before the United States' interest vested.

As for the BMW, Marie cannot satisfy either prong of section 853(n)(6). In order to meet the requirements of the first prong of the statute, the petitioner must possess a right to, or interest in the forfeited property "at the time of the commission of the acts which gave rise to the forfeiture." 21 U.S.C. § 853(n)(6)(A); *U.S. v. Kennedy*, 201 F.3d at 1331. The acts which gave rise to forfeiture

---

[9]Moreover, the appreciated value of forfeited property, rather than just the traceable proceeds, is subject to forfeiture. *See United States v. Hawkey*, 148 F.3d 920, 929 (8th Cir. 1998); *United States v. Hill*, 46 Fed. Appx. 838 (6th Cir. 2002); *United States v. Betancourt*, 422 F.3d 240, 250-52 (5th Cir. 2005).

commenced in March 2003. Subsequently, in June of 2003 and following, proceeds from defendant Rafferty's fraud activities were used to purchase and pay for the BMW.[10] Thus, the United States' interest in the BMW arose in and around March 2003. *See, e.g., United States v. Claire*, 2007 WL 294245, * 2 (N.D. Ga. 2007) (finding that under the relation back doctrine the United States had title to vehicle purchased with fraud proceeds at the moment of its purchase). The BMW was placed in Marie's name at the time of its purchase, in June of 2003. Thus, Marie never obtained an interest in the BMW. *See United States v. Eldick*, 2007 WL 624041, *3 (11th Cir. 2007) (finding that in order to have a superior interest in property the claimant must have had a legal right, title, or interest in the forfeitable property that preceded the commission of the crime that gave rise to the forfeiture of that property); *U.S. v. Kennedy*, 201 F.3d at 1328, 1331 (finding that defendant's wife had no cognizable interest under section 853(n)(6) where defendant had loaned her drug proceeds to buy a house even though she repaid him with her inheritance money); *U.S. v. Watkins*, 320 F.3d at 1282 (claimants who gave money to defendant to buy automobiles after conclusion of conspiracy had no interest in forfeited property at the time of the commission of acts which gave rise to the forfeiture).

Moreover, Marie is not a bona fide purchaser of the vehicle. *United States v. Soreide*, 461 F.3d 1351, 1355-56 (11th Cir. 2006) (section 853(n)(6)(b) only protects subsequent purchasers of the defendant's interest in an asset). *See also U.S. v. Brooks*, 112 F. Supp. 2d at 1041 (finding that a wife who contributed no income to the purchase of a property was not a bona fide purchaser for value).

---

[10] Marie had no interest in the fraud proceeds used to purchase the BMW. *See United States v. Martinez*, 228 F.3d 587, 590 (5th Cir. 2000) ("relation back doctrine" operates to vest title in the government to criminal proceeds as of the time the defendant engages in the illegal activities; thus the proceeds, and any property purchased with the proceeds, are subject to forfeiture).

**WHEREFORE**, Plaintiff United States respectfully requests that this Honorable Court amend the Preliminary Order of Forfeiture to reflects its determination as to the validity and extent of the interest, if any, of Petitioner Marie Rafferty in the forfeited property.

>Respectfully submitted,
>
>R. ALEXANDER ACOSTA
>UNITED STATES ATTORNEY
>
>By:   s/ Arimentha R. Walkins
>ARIMENTHA R. WALKINS
>ASSISTANT U.S. ATTORNEY
>Fla. Bar No. 0897787
>99 NE 4th Street, 7th Floor
>Miami, Florida  33132
>Tel.:  (305) 961-9091
>Fax:  (305) 536-7599
>E-mail:  arimentha.walkins@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on April 4, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

>s/ Arimentha R. Walkins
>ARIMENTHA R. WALKINS
>ASSISTANT U.S. ATTORNEY