UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21974-CIV-MARRA/JOHNSON
(04-20478-CR-MARRA)

TIMOTHY RAFFERTY,

    Movant,
vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**FINAL JUDGMENT**

This cause is before the Court upon Movant Timothy Rafferty's Motion under 28 U.S.C. § 2255 to Vacate and Set Aside the Judgment of Conviction (DE 1); the Government's Motion to Strike (DE 31); Movant Timothy Rafferty's Cross-Motion to Strike Respondent's Pleadings (DE 35); Movant Timothy Rafferty's Motion to Expand the Record Pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings (DE 45) and the Government's Second Motion to Strike Pleadings, or in the Alternative, Motion for Leave to Respond in Opposition to Motion to Expand the Record (DE 46).  The Court has carefully considered the entire record, and is otherwise fully advised in the premises.

    I.  Background

Movant, Timothy Rafferty, was charged in a second superseding indictment with conspiracy to engage in securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff(a) and 18 U.S.C. § 371 (Count 1), conspiracy to commit mail fraud and wire fraud, 18 U.S.C. § 1349 (Count 2), and wire fraud, 18 U.S.C. § 1343 (Counts 3 and 4). He was convicted on April 10, 2006 by a jury on all Counts. He was sentenced on September 12, 2006 to 126 months

imprisonment, followed by three years of supervised release. The sentence included a requirement of $1,234,880 in restitution and forfeiture of $1,198,450 in certain property.

Movant filed a direct appeal to the United States Court of Appeals for the Eleventh Circuit.  Movant's conviction was affirmed on October 16, 2008. United States v. Rafferty, 296 Fed. App'x 788 (11th Cir. 2008).  Movant then filed a motion for rehearing en banc, which was denied on December 15, 2008.  United States v. Rafferty, 309 Fed. App'x 385 (11th Cir. 2008).  Next, Movant filed a Petition for Certiorari with the United States Supreme Court, which was also denied by order dated June 15, 2009.  United States v. Rafferty, 129 S. Ct. 2810 (2009).  Movant has brought the present action seeking to set aside his conviction.

Movant alleges he was denied due process when the Government suppressed evidence favorable to him; to wit, a document acknowledging Movant's loan of nearly half-million dollars to Uncommon Media Group, Inc. ("UMDA"), and by the Government's failure to correct testimony by its witness, Lawrence Gallo, that Movant had not made any loans to UMDA.  Movant also alleges that he was denied due process by the Government's representation at sidebar and on summation that Movant had diverted a million dollars from UMDA. Finally, Movant claims he was denied effective assistance of counsel when his trial counsel failed to object to the introduction of information underlying a 1991 conviction.  On August 5, 2011, the Court held an evidentiary hearing in order to make factual findings relative to the existence of the document that was allegedly suppressed by the Government.

For the reasons discussed below, the Court rejects Movant's contentions.

II. Facts

Movant began his association with UMDA in 2003 when its CEO Lawrence Gallo[1] ("Gallo") persuaded Movant to join his operations. Movant worked at UMDA on a daily basis, shared an office with Gallo and spoke with potential investors, but was neither a corporate officer nor a salaried employee of UMDA. Movant held himself out to be both a major investor in and consultant to UMDA.

Movant established a business relationship with Frederick Hornick, an investor in Colorado. Hornick served as a recruiter of other investors and as Movant's messenger to them regarding directions for wire transfer of investment funds. Movant and Gallo knowingly misrepresented a number of material facts to these investors related to the business prospects of UMDA; taken together, these statements misrepresented the value and liquidity of the UMDA shares. Additionally, Movant did not reveal, to either the investors or Gallo, past legal judgments against him: specifically, a 1991 conviction for securities fraud, a 1993 injunction against further acts of securities fraud, and numerous civil suit judgments. A large number of individuals who dealt with either Movant, Hornick, or both purchased shares of UMDA and/or other companies. Such shares were either never delivered to these individuals or, if they were delivered, turned out to be worthless. Movant, either directly or via Hornick, caused the investors to wire their money to accounts controlled by Movant rather than to UMDA.

Federal Bureau of Investigation ("FBI") financial analyst Gail Winter prepared eleven summary charts tracking the sources and destinations of money through various third-party bank

---

[1] Gallo was charged by sealed indictment with conspiracy to commit securities fraud and conspiracy to commit mail fraud and wire fraud. He pled guilty pursuant to a plea agreement offered by the Government.

accounts controlled by Movant. Winter's charts traced $998,921 in investor funds to these accounts and showed that UMDA did not receive any of this investor money. The eleven summary charts, along with the bank records, were admitted into evidence at trial to show that Movant funneled investor money through these accounts and used the funds to pay for his own personal expenses.

At trial, this Court ruled that the 1991 conviction, the 1993 injunction and the two 2003 civil judgments, in Georgia and New York, specified in the second superseding indictment were admissible as intrinsic evidence.  Trial counsel did not object when the facts of the 1991 conviction came into evidence.  Trial counsel has submitted an affidavit that there was no strategic reason for that decision. (Lothar R. Genge Aff. ¶ 2, DE 6.)

At the August 5, 2011 evidentiary hearing, the Court heard testimony from Catherine Cox, trial counsel for Movant, and C. Ian Anderson, senior trial counsel with the Securities and Exchange Commission ("SEC"). Ms. Cox testified that, after the trial, she obtained consent from the SEC to review their investigative file and she discovered a June 23, 2003 memorandum, on UMDA letterhead, from Gallo in which Gallo acknowledged a $461,000 loan by Movant to UMDA. See also Cox Affirmation ¶ 4.  Although she requested a copy of this document from the SEC, she testified that she had not received a copy of the memorandum. (Id. at ¶ 5.)  After the hearing, Ms. Cox submitted, at the Court's request, a copy of her notes taken while she was reviewing documents at the SEC.  These notes contain the following line: "Box 3 6/23/03 loan AG - showing Tim 'lending' $461,000." (DE 42-1.)

4

III. Discussion

A. Brady claim

"The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87 (1963). Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Grossman v. McDonough, 466 F.3d 1325, 1341–42 (11th Cir.2006) (citation omitted).

After careful consideration of the evidence, the Court finds no reasonable basis to conclude that the Government suppressed any evidence favorable to Movant. Accepting Ms. Cox's testimony, along with her notes, serves to support the contrary position; i.e., that the Government did not suppress evidence. The Court finds that the notation "AG" in Ms. Cox's notes stands for "agreement," and not "memo," and the "agreement" Ms. Cox saw was dated June 23, 2003. Significantly, the Government has submitted a copy of a draft loan agreement, provided by the SEC, which is dated June 23, 2003, which was never executed by Gallo or Movant. Given the similarity in the dates and description of this document by both Ms. Cox and the Government, the Court finds that Ms. Cox is mistaken in her recollection that she saw a memorandum that was not previously turned over to her during discovery. In so finding, the Court also notes that Movant does not dispute the Government's representation that the June 23, 2003 loan agreement was turned over to defense counsel. Even if Movant had disputed this representation, the fact that defense counsel did not review the SEC documents until 2009 would

5

not make it a Brady violation.² See United States v. Vallejo, 297 F.3d 1154, 1164 (11th Cir. 2002).

Given this finding, the Court also rejects Movant's due process claim which rests entirely on its claim that Movant had loaned $461,000 to UMDA. Any representation by the Government that Movant had diverted a million dollars from UMDA was supported by the evidence and did not violate Movant's due process rights.

Alternatively, the Court finds even had the Government failed to turn over the memorandum described by Ms. Cox, it would not have changed the outcome of the trial. See United States v. Fernandez, 136 F.3d 1434, 1438 (11th Cir. 1998) ("A defendant who seeks a new trial based on an alleged Brady violation must show that, had the evidence been revealed to the defense, there is a reasonable probability that the outcome of the proceeding would have been different"). Even assuming the Movant could show that he loaned $461,000 to UMDA, that would do nothing to show that he did not divert close to half a million dollars or that he had not made material misrepresentations and omissions. Hence, the Court concludes that there is not a reasonable probability that production of the phantom memo would have altered the jury's finding of guilt.

B. Ineffective Assistance of Counsel claim

To prevail on a claim of ineffective assistance, a petitioner must demonstrate both that his attorney's efforts fell below constitutional standards, and that he suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668 (1984). Scrutiny of an attorney's performance is highly

---

² The Court also notes that even had this document existed, it would not serve as valid impeachment evidence of Gallo, given the lack of any deposit slips, checks, wire transfers or any other bank record that should have left a paper trail of this loan.

6

deferential. Reviewing courts will not second-guess strategic decisions; rather, the attorney's performance is evaluated in light of all the circumstances as they existed at the time of the conduct, and is presumed to have been adequate. Id. at 689-90.  As for the second prong, "[a] petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is high." Robinson v. Moore, 300 F.3d 1320, 1343-44 (11th Cir. 2002) (quotation marks, citation, and punctuation omitted). "Under the prejudice prong of Strickland, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Grayson v. Thompson, 257 F.3d 1194, 1225 (11th Cir. 2001) (quotation marks and citation omitted). "Instead, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Sullivan v. DeLoach, 459 F.3d 1097, 1109 (11th Cir. 2006).

     Because trial counsel has submitted an affidavit stating that his failure to object when the facts of the 1991 conviction came into evidence was based on no strategic reason, the Court will turn to the prejudice prong of the Strickland test. The Court finds that Movant has failed to show that the result of the proceeding would have been different, had trial counsel objected to this evidence.  The Court had already ruled that Movant's 1991 conviction could come into evidence, and Movant does not challenge his counsel's conduct on that issue.  Thus, had counsel objected to the admission of the underlying facts of the 1991 conviction, and had the Court sustained the objection, the jury would still have known about the conviction. The evidence of Movant's guilt was overwhelming and exclusion of the challenged evidence would not have affected the outcome of the trial.  Moreover, there is a strong likelihood that the Court would not have sustained the objection to the admission of the evidence even if it had been made.  Rule 404(b) of

the Federal Rules of Evidence[3] permits the introduction of the evidence of other crimes to show proof of intent. Here, the 1991 securities fraud conviction involved the same type of intent as the instant offense and therefore was admissible. See United States v. McNair, 605 F.3d 1152, 1203-04 (11th Cir. 2010); United States v. Williams, 527 F.3d 1235, 1247 (11th Cir. 2008); United States v. Lampley, 68 F.3d 1296, 1299 (11th Cir. 1995); United States v. Wyatt, 762 F.2d 908, 910 (11th Cir. 1985). For this reason, the Court rejects Movant's ineffective assistance of counsel claim.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Movant's Motion under 28 U.S.C. § 2255 to Vacate and Set Aside the Judgment of Conviction (DE 1) is **DENIED**.

2) The Government's Motion to Strike (DE 31) is **DENIED**.

3) Movant Timothy Rafferty's Cross-Motion to Strike Respondent's Pleadings (DE 35) is **DENIED**.

4) Movant Timothy Rafferty's Motion to Expand the Record Pursuant to Rule 7 of

---

[3] Federal Rule of Evidence 404(b) provides:

(b) Other Crimes, Wrongs, or Acts.—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

      the Rules Governing Section 2255 Proceedings (DE 45) is **GRANTED**.

5)    The Government's Second Motion to Strike Pleadings, or in the Alternative, Motion for Leave to Respond in Opposition to Motion to Expand the Record (DE 47) is **DENIED**.

6)    The Clerk shall **CLOSE** this case and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of March, 2012.

                                                          KENNETH A. MARRA
                                                          United States District Judge